Filed 2/2/23  P. v. Cooper CA4/1
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CALVIN COOPER,<br><br>    Defendant and Appellant. | D078345<br><br><br><br>(Super. Ct. No. CR127408) |

APPEAL from an order of the Superior Court of San Diego County, David M. Gill, Judge.  Reversed and remanded with directions.

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Lynne E. McGinnis and Arlene A. Sevidal, Deputy Attorneys General, for Plaintiff and Respondent.

Calvin Cooper appealed an order summarily denying his petition to vacate his first degree murder conviction under Penal Code[1] section 1172.6 (formerly section 1170.95).[2] The trial court found he was not entitled to relief, as a matter of law, because the jury returned a true finding on a robbery-murder special circumstance with the murder conviction. The jury's finding on the special circumstance was made before the California Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which clarified the meaning of the terms "major participant" and "reckless indifference to human life" necessary to support such felony-murder special-circumstance findings. (*Banks*, at pp. 797-798, 803; *Clark*, at pp. 608-624.)

Cooper argued that a felony-murder special-circumstance finding made before *Banks* and *Clark* did not preclude him from making a prima facie showing of eligibility for relief under section 1172.6. In an unpublished opinion, we agreed with Cooper and remanded the matter for reconsideration.

The People submitted a petition for review to the California Supreme Court, which granted the request. After reaching its decisions in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*), our high court transferred the matter back to us with directions to vacate our previous opinion and reconsider the cause.

We have complied with the California Supreme Court's instructions and considered Cooper's claims, taking into account *Strong*. In their supplemental briefs (see Cal. Rules of Court, rule 8.200(b)(1)), the parties

---

[1]     Statutory references are to the Penal Code unless otherwise specified.

[2]     Assembly Bill No. 200 (Stats. 2022, ch. 58, § 10) renumbered section 1170.95 to 1172.6, effective June 30, 2022.

agree the order summarily denying the petition for resentencing based on the existence of a felony-murder special-circumstance finding should be reversed and the matter remanded for further proceedings.

We agree that it was error to conclude Cooper failed to meet his prima facie burden based solely on the special-circumstances finding. Accordingly, we remand the matter to the superior court for further proceedings in accordance with section 1172.6, subdivision (d).

BACKGROUND

On December 23, 1992, a jury convicted Cooper of murder while in the perpetration of a robbery with a robbery-murder special circumstance (§§ 187, subd. (a); 190.2, subd. (a)(17)); eight counts of second degree robbery (§ 211); attempted rape (§§ 664/261, subd. (a)(2)/264.1); attempted sodomy (§§ 664/286, subd. (d)); three counts of oral copulation (§ 288a, subd. (d)); four counts of first degree robbery (§§ 211/212.5, subd. (a)); two counts of assault with a deadly weapon (§ 245, subd. (a)(1)); one count of assault with a firearm (§ 245, subd. (a)(2)); kidnapping (§ 209, subd. (b)); vehicle theft (Veh. Code § 10851, subd. (a)); attempted robbery (§§ 664/211); and six counts of second degree robbery while armed with a firearm (§§ 211 & 12022, subd. (a)(1). The court sentenced Cooper to life in prison without the possibility of parole plus life with parole plus a determinate term of 39 years eight months, to be served consecutively.

In 1995, we affirmed the judgment against Cooper. (See *People v. Cooper* (Mar. 24, 1995, D018795) [nonpub. opn.].)

Cooper filed a petition for resentencing pursuant to section 1172.6 on October 16, 2019. The superior court appointed counsel to represent Cooper. The prosecutor filed an initial response and a supplemental response to the petition, asserting that Cooper was ineligible for resentencing as a matter of

law based on the jury's prior felony-murder special circumstance true finding. Cooper did not file a reply.

On November 2, 2020, the superior court denied Cooper's petition for resentencing after reviewing the briefing and the record of conviction. The superior court found that "because there has been a special circumstance finding that [Cooper] was a major participant and acted with reckless indifference to human life, he is precluded from relief pursuant to Penal Code section [1172.6], absent habeas relief as to the special circumstance finding"; therefore, Cooper "has failed to make a prima facie showing that he is statutorily eligible for resentencing and the petition is denied."

Cooper timely filed a notice of appeal. We agreed with Cooper and remanded the matter back to the superior court with instructions to resume proceedings under section 1172.6. However, the California Supreme Court granted the People's petition for review. Ultimately, our high court transferred the matter back to this court with instructions to vacate our previous opinion and reconsider the matter in light of *Strong*, *supra*, 13 Cal.5th 698.

## DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (Senate Bill 1437) narrowed liability for murder under the felony-murder rule and eliminated the natural and probable consequences doctrines. (§§ 188, subd. (a)(3) & 189, subd. (e); *People v. Anthony* (2019) 32 Cal.App.5th 1102, 1147 (*Anthony*).)

Senate Bill 1437 addressed aspects of felony murder and the natural and probable consequences doctrine, "redefin[ing] 'malice' in section 188. Now, to be convicted of murder, a principal must act with malice aforethought; malice can no longer 'be imputed to a person based solely on his or her participation in a crime.' (§ 188, subd. (a)(3).)" (*In re R.G.* (2019) 35

4

Cal.App.5th 141, 144.) Senate Bill 1437 also amended section 189 by adding subdivision (e), which states that a participant in the target felony who did not actually commit a killing is nonetheless liable for murder if he or she aided, abetted, or assisted the actual killer in first degree murder or was a major participant in the target crime and acted with reckless indifference to human life. (§ 189, subd. (e)(2)-(3).) The result is that Senate Bill 1437 "ensure[s] that murder liability is not imposed on a person who is not the actual killer, did not act with intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (*Anthony*, *supra*, 32 Cal.App.5th at p. 1147.)

When a trial court reviews a petition for resentencing, the court first determines if the petitioner has shown a prima facie case for relief under the statute. (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) The court accepts the allegations as true and evaluates whether the petitioner would be entitled to relief if he or she proved the allegations. (*Ibid.*) The court may review the record of conviction, including any prior appellate opinion, to determine if the petitioner's allegations are rebutted by the record (*id.* p. 972), but the court may not engage in factfinding and weighing credibility at the prima facie stage of petition review. (*Id.* at p. 971, citing *People v. Drayton* (2020) 47 Cal.App.5th 965, 979-980.) The court may deny the petition if the person is ineligible as a matter of law. (*Drayton*, at pp. 980-981).

Alleging the conviction was based on grounds now made impermissible under Senate Bill 1437 will show a prima facie case for relief. Absent anything to change the showing, the court should issue an order to show cause (OSC) and conduct an appropriate evidentiary hearing. (*Lewis, supra,* 11 Cal.5th at pp. 971-972.) If the petitioner makes the prima facie case, the

5

court must issue an OSC and hold an evidentiary hearing on the petition. (§ 1172.6, subds. (c) & (d)(1); *Lewis*, at p. 962.) At this stage of the proceeding, the prosecution has the burden of proving "beyond a reasonable doubt[ ] that the petitioner is ineligible for resentencing." (§ 1172.6, subd. (d)(3); *People v. Martinez* (2019) 31 Cal.App.5th 719, 723-724.)

An after-the fact court review of findings made before *Banks* and *Clark* does not account for how the law has evolved because prior findings "made to a beyond-a-reasonable-doubt degree of certainty," were made "under outdated legal standards." (*Strong, supra,* 13 Cal.5th at p. 720.) "Section 1172.6 offers resentencing for petitioners who have not been determined beyond a reasonable doubt to have the degree of culpability now required for a murder, attempted murder, or manslaughter conviction. Neither the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Ibid.*) Thus, a true finding on a felony-murder special circumstance that pre-dates *Banks* and *Clark* does not render the defendant categorically ineligible for relief under section 1172.6. (*Strong,* at pp. 710-719.)

Cooper contends his conviction is based on a theory that is no longer valid in light of *Banks* and *Clark*. In those cases, our Supreme Court "clarified 'what it means for an aiding and abetting defendant to be a "major participant" who acted with a "reckless indifference to human life." ' " (*In re Taylor* (2019) 34 Cal.App.5th 543, 546.) In *Banks*, the court addressed both prongs and identified certain factors to consider in determining whether a defendant was a major participant (*Banks, supra,* 61 Cal.4th at p. 803); *Clark*

6

identified factors to determine whether the defendant acted with reckless indifference to human life (*Clark*, *supra*, 63 Cal.4th at pp. 619-623).

There is no dispute here that Cooper was not the actual shooter. The jury made felony-murder special-circumstance findings pursuant to section 190.2, subdivision (a)(17), and those findings required the jury to conclude Cooper either had the intent to kill or was a major participant that acted with reckless indifference to human life. However, the jury made those findings in 2009, well before the California Supreme Court decided *Banks* and *Clark* and clarified the meaning of the terms "major participant" and "reckless indifference to human life" necessary to support such felony-murder special-circumstance findings. (*Banks*, *supra*, 61 Cal.4th at pp. 797-798, 803; *Clark*, *supra*, 63 Cal.4th at pp. 608-624.)

Because we cannot say as a matter of law that Cooper's actions make him ineligible for relief under section 1172.6, there is a possibility that Cooper was punished for conduct no longer prohibited by section 190.2. Accordingly, the trial court erred in summarily denying the petition based on the pre-*Banks* and *Clark* special circumstances verdict finding.

## DISPOSITION

The order denying Cooper's section 1172.6 petition is reversed and the matter is remanded to the trial court for resumption of proceedings to determine whether Cooper has made a prima facie showing on the petition for resentencing.

7

                                                                    HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


DATO, J.